# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EUGENE REBAR,**

      **Plaintiff,**

**-vs-**                  **Case No. 6:04-cv-1562-Orl-28DAB**

**OERTHER FOODS, INC. d/b/a McDONALDS,,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 75)**
>
> **FILED:** September 7, 2006
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a) (1996). However, "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the

issue presented is frivolous. *Id.* Here, Plaintiff's position (as set forth in his papers) is without arguable merit and is therefore frivolous.

Plaintiff asserts that his issues on appeal include: "Taking a summary judgment under advisement as of no specific date," as well as "All issues addressed in the complaint and if necessary, charge of discrimination" and "failure to cooperate during discovery, possible perjury, judicial abuse." (Doc. No. 75).

The first issue appears to address this Circuit's so-called *Milburn* requirement that the Court notify the parties regarding taking the motion for summary judgment under advisement. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984). Here, the District Court did notify the parties that any motion for summary judgment would be taken under advisement thirty days from the date it was served. (Doc. No. 19 at 6, citing, *inter alia, Milburn.*) The Court expressly noted that the Court would not hold a hearing on any such motion, unless specifically ordered, and that all requirements apply to *pro se* litigants, as well as to parties represented by counsel. *Id.* The record reveals that Plaintiff did, in fact, respond to the motion for summary judgment, and the Court considered Plaintiff's filings and granted the motion for summary judgment after the thirty day period had expired. (*See* Doc. Nos. 48, 54-57,62, 63, and 65). The objection is without merit, and is therefore frivolous.

The second issue merely restates all of the issues disposed of in the summary judgment, and the Court has previously held Plaintiff's position to be without merit.

Plaintiff next asserts conclusory allegations of non-cooperation with discovery, possible perjury, and an ill-defined assertion of judicial abuse. To the extent these vague objections go to the merits of Plaintiff's claim, the District Court properly determined that the claim is not colorable. To

the extent Plaintiff is attempting to state new claims, an appeal is not the appropriate avenue in which to do so.

It is **respectfully recommended** that the District Court certify that the appeal is not taken in good faith, and deny the motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 12, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy